## 27436. YOUNG *v.* THE STATE.

DECIDED APRIL 22, 1939.

*W. A. Ingram, E. J. Summerour,* for plaintiff in error.

*J. H. Paschall, solicitor-general, J. R. Whitaker,* contra.

BROYLES, C. J. The accused was convicted of the offense of seduction, and his motion for a new trial was overruled. A special ground of the motion (the facts stated therein having been approved by the court) alleged that the court erred in refusing to sustain the defendant's timely motion to declare a mistrial, based on certain improper remarks, prejudicial to the defendant's cause, made by the solicitor-general in his argument to the jury, which remarks were not authorized by any evidence in the case. The ground further alleges: "Said remarks were in substance as follows: 'The conduct of the defendant coupled with his refusal to marry Ludie Jones [his alleged victim] was enough to break any girl's heart, and it broke Ludie Jones' so that she died from it.' Movant shows that Ludie Jones died between the times of the first trial and the second trial, the first trial having taken place at the April term, 1937, and Ludie having died on July 1, 1937, and the instant case being on trial at the July term, 1938. Movant shows that Ludie Jones died from a disease, and there was no evidence of any kind or character that her death was caused by the defendant or his conduct or that it contributed to it. Movant avers: (a) That it is probable that the injury done to him by the making of said improper remarks was not eradicated by the instructions given by the court that the remarks were improper and that the jury should disregard them. The court, in ruling upon the motion for a mistrial, stated, in substance, to the jury: 'The jury will not consider any argument not based on the evidence. The motion for a mistrial is overruled.' There was no rebuke administered by the

court to the solicitor-general for making said remarks. (b) That said improper remarks were prejudicial to movant in that it was in effect accusing defendant of killing the prosecutrix, and of course had the effect of prejudicing the minds of the jury against the defendant. This argument was an appeal to prejudice against the defendant, without any evidence to base it upon."

In our opinion the ground is meritorious, and the refusal to grant a new trial thereon was error. The remaining grounds of the motion show no cause for a reversal of the judgment.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*